# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:19-cr-00036-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BILLY RAY GARNER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Continue Jury Trial [Doc. 29] and the Defendant's Unopposed Motion for Additional Time to File Objections to Memorandum and Recommendation [Doc. 30].

On April 3, 2019, the Defendant was charged in a Bill of Indictment with one count of unlawful possession of a firearm having been convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); one count of possession with intent to manufacture, distribute, and dispense a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 1]. The Defendant made his initial appearance on April

29, 2019, at which time counsel was appointed. On May 1, 2019, the Defendant's arraignment was held, at which time the Magistrate Judge calendared the case for the May 6, 2019 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to the June 25, 2019 trial term. On May 29, 2019, the Defendant filed a motion to suppress evidence. [Doc. 12]. On June 17, 2019, the Court continued the case to the September 3, 2019 trial term. [Doc. 16]. Thereafter, upon the Defendant's motion, the evidentiary hearing on the motion to suppress was continued to August 19, 2019. [Doc. 19].

On August 6, 2019, the Defendant was charged in a Superseding Bill of Indictment with one count of unlawful possession of a firearm knowing he had been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); one count of possession with intent to manufacture, distribute, and dispense a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 16]. On August 19, 2019, the Magistrate Judge held the Defendant's arraignment on the Superseding Bill, as well as the evidentiary hearing on the Defendant's motion to suppress. On August 21, 2019, the Court continued the case to

the November 4, 2019 trial term. [Doc. 24]. On October 18, 2019, the Court continued the case to its current setting during the January 6, 2020 trial term. [Doc. 26]. On December 5, 2019, the Magistrate Judge issued a Memorandum and Recommendation on the Defendant's motion to suppress. [Doc. 28].

The Defendant now seeks an extension of time to file objections to the Memorandum and Recommendation, as well as a continuance of the trial date. [Docs. 29, 30]. As grounds, counsel states that additional time is needed to file objections to the Memorandum and Recommendation. Counsel also states that the requested extension of time to file objections to the Memorandum and Recommendation is three days after the current trial date of January 6, 2020. As such, the requested extension of time does not allow for the resolution of Defendant's motion to suppress before the current trial setting. Counsel further represents that the Government does not object to the requested extension or continuance. [Docs. 29. 30].

The Court finds that the deadline to file objections to the Memorandum and Recommendation should be extended and this case continued. The Speedy Trial Act excludes from the time within which a defendant must be brought to trial "[a]ny period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other

3

prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). The Speedy Trial Act further excludes any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). The Court further finds that, under these circumstances, a failure to continue the case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion to Continue Jury Trial [Doc. 29] and Unopposed Motion for Additional Time to File Objections to Memorandum and Recommendation [Doc. 30] are **GRANTED**, and the above-captioned case is hereby **CONTINUED** from the January 6, 2020 term in the Asheville Division.

**IT IS FURTHER ORDERED** that the Defendant shall have an additional twenty-one (21) days, through and including **January 9, 2020**, within which to file objections to the Memorandum and Recommendation.

**IT IS SO ORDERED.**

Signed: December 18, 2019

Martin Reidinger
United States District Judge